## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS G. HESCH,<br>    Plaintiff,<br><br>v.<br><br>ABBVIE, INC.,<br>    Defendant | C.A. 1:22-cv-356<br><br>Jury Trial Demanded |

## COMPLAINT

AND NOW, comes the Plaintiff, Thomas G. Hesch ("Hesch"), by and through his attorneys, Quinn, Buseck, Leemhuis, Toohey & Kroto, Inc., and files the within Complaint against AbbVie, Inc. ("AbbVie") under the Age Discrimination in Employment Act of 1978 ("ADEA") 29 U.S.C. §§621 *et seq.* and the Illinois Human Rights Act, 775 I.L.C.S. §5/1-101 *et seq.*, of which the following is a statement:

### I. PARTIES

1.  Plaintiff, Hesch, is an adult individual and resident of the County of Erie and Commonwealth of Pennsylvania.

2.  The Defendant, AbbVie, is a pharmaceutical company with a principal place of business at 1 North Waukegan Road, North Chicago, Illinois 60064.

### II. EXHAUSTION OF ADMINISTRATIVE REMEDIES

3.  Prior to the filing of this lawsuit, Hesch exhausted all procedural and administrative requirements set forth in 29 U.S.C. §626:

    a. He initiated a charge of discrimination before the EEOC on or before December 21, 2021.

    b. With regards to his charge of discrimination before the EEOC, Hesch received a "Determination and Notice of Rights" letter mailed on September 9, 2022. Exhibit A.

4. Additionally, Hesch's EEOC charge was cross-filed with the Illinois Department of Human Rights at Docket No. 220307.018.

5. Hesch has exhausted his administrative remedies.

### III. VENUE

6. Venue is proper in this judicial district under §1391(b).

### IV. JURISDICTION

7. This court has jurisdiction of this matter by virtue of 28 U.S.C. §1331, in that this is a civil action wherein the matter in controversy arises under the laws of the United States.

8. This court also has supplemental jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. §1367.

### V. FACTS

9. Hesch was hired by Forest Pharmaceuticals, Inc. ("Forest") as a Territory Representative in 2008.

10. In 2011, Forest promoted Hesch to the position of Specialty Sales Representative.

11. After several acquisitions, Forest was purchased by AbbVie in 2020.

12. In both positions, Hesch serviced the Upstate region, which oversaw the region covering Erie, Pennsylvania to Syracuse, New York.

13. In or around September 2018, Hesch interviewed for a District Manager position and was among the final two candidates for the position.

14. The position was ultimately given to the younger candidate, Danielle Caprino ("Caprino"), who was 38 years old. At the time, Mr. Hesch was 60 years of age.

15. Caprino was placed in the District Manager position despite the fact that she lived outside the geographic region that the position oversaw, the Upstate region.

16. Hesch was as qualified for the position than Caprino.

17. Hesch inquired as to why he did not receive the position and was told things such as "she interviewed a little better," "she had previously owned her own restaurant," and "Tom, I didn't know you had management aspirations."

18. After confirming with his supervisor that he was in fact interested in obtaining a management position, Hesch was enrolled in AbbVie Emerging Leaders Developmental Program ("ELDP").

19. Hesch experienced success in the ELDP program, receiving emails from various managers within the region speaking highly of his leadership skills. Exhibit C.

20. Shortly after Caprino was promoted to District Manager, there was an opening in the Erie, Pennsylvania pharmaceutical market.

21. Hesch recommended that pharmaceutical representative John Watson ("Watson"), age 57, would be a good fit for the position.

22. Watson went through the interview process and the second interviewer expressed to Hesch that he was impressed with Watson and believed him to be the best candidate for the job.

23. However, the interviewer also told Hesch that, with regard to Watson Caprino stated "I could never send [Watson] through to Chris [Devennie]…he is too old." Ultimately, Watson did not receive the position.

24. In early 2021, the company announced a sales force expansion, which would include hiring District Sales Managers to lead a team of sales representatives in the region spanning from Erie, Pennsylvania to Rochester, New York.

25. Hesch applied for the position, as did a young man named Nick Caldiero ("Caldiero").

26. At the time, Hesch was 62 years old, and Caldiero was 30 years old.

27. Caldiero had only 5 years of pharmaceutical sales experience at the time, and had not enrolled in, let alone successfully completed, any leadership training program and consistently ranked in the bottom five percent of AbbVie salespersons in the nation.

28. In fact, Caldiero finished last in the nation for sales performance for AbbVie in 2020.

29. During the interview process, several comments were made to Hesch regarding impending retirement.

30. Hesch responded to these comments by assuring the interview team that he would be with the company for at least another 5 years and that retirement was not a concern.

31. On or about July 23, 2021, Hesch was informed that AbbVie had decided to hire Caldiero for the District Manager position.

32. When Hesch inquired as to why, he was informed that "Nick has had more difficult conversations with his counterparts."

33. However, this was a pretextual excuse, as Hesch had similar "difficult conversations" with his counterparts; he indicated as much on his application and even provided an example in his interview.

## VI. CLAIMS FOR RELIEF

### COUNT I
### DISCRIMINATION UNDER ADEA – FAILURE TO PROMOTE

34. Paragraphs 1 through 33 above are incorporated herein by reference as if the same were fully stated.

35. Under 29 U.S.C. §623(a)(2), The Age Discrimination in Employment Act ("ADEA"), it is unlawful for an employer to deprive any individual of employment opportunities because of that individual's age.

36. To prove a prima facie case of failure to promote due to age discrimination under the ADEA, Hesch must show that (1) that he is at least 40 years old; (2) that he suffered an adverse employment action; (3) that he was qualified for the position sought; and (4) either (a) that the position sought was awarded to another employee who was sufficiently younger so as to support an inference of a discriminatory motive or (b) facts which 'if otherwise unexplained, are more likely than not based on the consideration of impermissible factors. See Willis v. UPMC Children's Hospital of Pittsburgh, 808 F.3d 638, 644 (3rd Cir. 2015) and Reed v. V.I. Water & Power Auth., 779 F. App'x 880, 885 (3d Cir. 2019).

37. Hesch applied for but did not receive the District Sales Manager position in 2021.

38. Hesch was a successful graduate of the ELDP program and received numerous comments from supervisors about eventually being placed into a leadership role.

39. Hesch has 30 years of pharmaceutical sales experience and consistently ranking in the highest percentiles for sales performance in the nation.

40. At the time in question, Caldiero had approximately 5 years of experience in pharmaceutical sales and had, in 2020, ranked last among AbbVie salesperson nationwide.

41. Hesch is in the protected class of individuals under the ADEA as he is an employee of AbbVie who is over 40 years of age. At the time he was passed over for the District Sales Manager position, he was 62 years old.

42. The District Sales Manager position, however, was instead filled by Caldiero, who was 30 years old at the time of the promotion, making him both significantly younger than Hesch and outside of the class of persons protected by the ADEA.

43. During the interview process, Hesch was repeatedly asked about his plans for retirement.

44. Additionally, during his 13 years with AbbVie, Hesch has consistently seen younger, less qualified employees promoted over him.

45. Further, his recommendation for the opening in the Erie, Pennsylvania pharmaceutical market was denied the position expressly because one the District

Manager felt the employee in question was "too old for the position," even though the other interviewer believed the candidate recommended by Hesch to be the best person for the job.

46. The determinative factor of AbbVie's failure or refusal to promote Hesch was his age, as opposed to his qualifications.

47. The conduct of AbbVie reflects a pattern of age discrimination.

48. As a result of the aforementioned discrimination against Hesch under 29 U.S.C. §623(a)(2), Hesch has been injured and is entitled to the following damages:

   a. A declaration by the Court that the actions of AbbVie were unlawful and in violation of Hesch's rights under the Age Discrimination in Employment Act, 29 U.S.C. §623;

   b. Back-pay in an amount to be proven at trial;

   c. Front-pay;

   d. Liquidated damages in an amount equal to any compensatory damages awarded to him;

   e. Any equitable relief the Court deems fair and appropriate as provided under 42 U.S.C. §200e-5(g)(1); and

   f. Attorney's fees and other costs of the action, as provided under 42 U.S.C. §2000e-5(k).

## COUNT II
## DISCRIMINATION UNDER THE IHRA – FAILURE TO PROMOTE

49. Paragraphs 1 through 48 above are incorporated herein by reference as if the same were fully stated.

50. Under the Illinois Human Rights Act ("IHRA"), 775 I.L.C.S. §5/1-102(A), it is unlawful for any employer to discriminate against any individual on the basis of age when determining who should receive a promotion.

51. The same legal standard that is applied to an ADEA discrimination claim applies equally to a claim under the IHRA, and Plaintiff incorporates his relevant ADEA claim as if stated fully herein. See Zaderaka v. Ill. Human Rights Comm'n, 545 N.E.2d 684 (Ill. 1989) and Van Campen v. In'l Bus. Mach. Corp., 762 N.E.2d 545, 551 (1st Dist. 2001).

52. As more fully set forth above, the actions of the Defendant, AbbVie, through its agents, servants, and employees, has violated Hesch's rights under the IHRA.

53. Accordingly, Hesch has been injured and is entitled to the following damages under the IHRA 775 I.L.C.S. §5/8A-104:

   a. A declaration by the Court that the actions of AbbVie were unlawful and in violation of Hesch's rights under the Illinois Human Rights Act, 775 ILCS §5/8A-104.

   b. Actual damages, as provided under 775 ILCS §5/8A-104(B).

   c. Compensatory damages;

   d. Any equitable relief the Court deems fair and appropriate as provided under 775 I.L.C.S. §5/8A-104(J);

   e. Attorney's fees and other costs of the action, as provided under 775 I.L.C.S. §5/8A-104(G).

**JURY TRIAL DEMANDED**

        Respectfully submitted,

        QUINN, BUSECK, LEEMHUIS, TOOHEY
        & KROTO, INC.

        By /s/ Arthur D. Martinucci_____
            Arthur D. Martinucci, Esquire
            Pa. I.D. No. 63699
            2222 West Grandview Boulevard

Erie, PA 16506-4508
Phone: (814) 833-2222
Fax:    (814) 833-6753
Counsel for Plaintiff,
Thomas G. Hesch